```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2772
 5
 6
 7
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>) <br>        Plaintiff, )<br>)<br>    v. )<br>)<br>GARY JASON GRANT, et al., )<br>)<br>        Defendants. )<br>)<br>_____ ) | No. 2:10-CR-237 GEB<br><br>**STIPULATION AND ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Court:  Hon. Garland E. Burrell |

It is hereby stipulated and agreed by and between plaintiff United States of America, on the one hand, and defendant Gary Jason Grant, and defendant Timothy Seaver, on the other hand, through their respective attorneys, that:  (1) the presently set September 10, 2010, status conference shall be continued to October 8, 2010, at 9:00 a.m.; and (2) time from the date of the parties' stipulation, September 9, 2010, through, and including, October 8, 2010, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case)

1

1  and T4 (reasonable time for defense counsel to prepare).
2       The parties note that this case stems from the investigation
3  and prosecution of Daren Glosser and Shannon Selle, Case No. CRS
4  05-309 GEB, which this Court previously determined to be complex
5  and unusual within the meaning of the Speedy Trial Act based on
6  the grounds that the conspiracy charge spans almost four years
7  and the case involves approximately 22 search warrants, hundreds
8  of exhibits, numerous witnesses, and multiple law enforcement
9  agencies.  Consequently, in the instant case, the United States
10 has produced substantial voluminous discovery consisting of
11 thousands of documents to defense counsel and they will need
12 additional time to review the discovery, investigate the facts,
13 and conduct legal research regarding possible defenses.
14      Based on these facts, the parties stipulate and agree that
15 the instant case is unusual and complex and it is unreasonable to
16 expect adequate preparation for pretrial proceedings and trial
17 itself within the time limits established in § 3161.  In
18 addition, the parties stipulate and agree that the trial delay
19 and exclusion of time requested herein is necessary to provide
20 defense counsel reasonable time to prepare their respective
21 clients' defenses taking into account due diligence.

22 Dated:  September 9, 2010              /s/ Preeti K. Bajwa
23                                        _____
                                          PREETI K. BAJWA
                                          Attorney for Defendant
24                                        Gary Jason Grant
                                          (per email authorization)
25

26 Dated:  September 9, 2010              /s/ Matthew Bockmon
27                                        _____
                                          MATTHEW BOCKMON
                                          Attorney for Defendant
28                                        Timothy Seaver
                                          (per email authorization)

2

Dated:   September 9, 2010          BENJAMIN B. WAGNER
                                    UNITED STATES ATTORNEY

                                          /s/ Samuel Wong
                                    By: _____
                                    SAMUEL WONG
                                    Assistant U.S. Attorney

_____

**ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, September 9, 2010, to and including the new October 8, 2010, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C.

§ 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).  It is further ordered that a status conference shall be held on October 8, 2010, at 9:00 a.m.

Dated:  September 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge