Law Offices of Preeti K. Bajwa
Preeti K. Bajwa (SBN 232484)
901 H. Street, Suite 208
Sacramento, CA 95814
(916) 444-7100

Attorney for Defendant
GARY JASON GRANT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      Plaintiff,<br><br>   vs.<br><br>GARY JASON GRANT, et. al.,<br><br>      Defendant | No. 2:10-CR-0237<br><br>STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>DATE: February 18, 2011<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Garland Burrell |

It is hereby stipulated and agreed to between the United States of America through Samuel Wong, Assistant U.S. Attorney, and the defendants, Gary Jason Grant, Timothy Thomas Seaver, and Michael Christopher Moore by and through their respective attorneys, that: (1) the presently set February 18, 2011, status conference shall be continued to April 8, 2011 at 9:00 a.m.; and (2) time from the date of the parties' stipulation, February 16, 2011 through and including, April 8, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. section 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (complex and unusual case) and T4 (reasonable time for defense counsel to prepare).

Stipulation & Order Grant 2.17.11.doc
02/17/11

- 1 -

The parties note that this case stems from the earlier investigation and prosecution of Daren Glosser and Shannon Selle, Case No. CRS 05-309 GEB, which this Court previously determined to be complex and unusual within the meaning of the Speedy Trial Act based on the grounds that the conspiracy charge spans almost four years and the case involves approximately 22 search warrants, hundreds of exhibits, numerous witnesses, and multiple law enforcement agencies. Consequently, in the instant case, the United States has produced substantial voluminous discovery consisting of thousands of documents to defense counsel and they will need additional time to review the discovery, investigate the facts, and conduct legal research regarding possible defenses.

Based on these facts, the parties stipulate and agree that the instant case is unusual and complex and it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in section 3161. In addition, the parties stipulate and agree that the trial delay and exclusion of time requested herein is necessary to provide defense counsel reasonable time to prepare their respective clients' defenses taking into account due diligence.

DATED: February 17, 2011

                                        Respectfully submitted,

                                        _/s/ Preeti Bajwa_____
                                        PREETI K. BAJWA
                                        Attorney for Defendant
                                        GARY JASON GRANT

DATED:  February 17, 2011

                                            Respectfully submitted,

                                             /s/ Dan Frank Koukol_____
                                            DAN FRANK KOUKOL
                                            Attorney for Defendant
                                            MICHAEL CHRISTOPHER MOORE

DATED:  February 17, 2011

                                            Respectfully submitted,

                                             /s/ Matthew Bockman_____
                                            MATTHEW BOCKMAN
                                            Attorney for Defendant
                                            TIMOTHY THOMAS SEAVER

DATED:  February 17, 2011            BENJAMIN WAGNER
                                            United States Attorney

                                             /s/ Samuel Wong
                                            SAMUEL WONG
                                            Assistant U.S. Attorney
                                            Attorney for Plaintiff

## **ORDER**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits

established in 18 U.S.C. section 3161. In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, February 16, 2011, to and including the new April 8, 2011, status conference hearing date shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. section 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare). It is further ordered that a status conference shall be held on April 8, 2011, at 9:00 a.m.

**Date:  2/17/2011**

_____
GARLAND E. BURRELL, JR.
United States District Judge