```
DANIEL J. BRODERICK, Bar #89424
Federal Defender
MATTHEW C. BOCKMON, Bar # 161566
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
TIMOTHY THOMAS SEAVER
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY JASON GRANT, TIMOTHY THOMAS SEAVER, and MICHAEL CHRISTOPHER MOORE,<br><br>    Defendants. | NO. CR-S-10-237 GEB<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE AND TO EXCLUDE TIME**<br><br>Date:  July 8, 2011<br>Time: 9:00 a.m.<br>Judge: Garland E. Burrell, Jr. |

It is hereby stipulated and agreed to by and between the United States of America, through Samuel Wong, Assistant U.S. Attorney, and defendants, GARY JASON GRANT, by and through his counsel, Preeti Kaur Bajwa, TIMOTHY THOMAS SEAVER, by and through his counsel, Matthew C. Bockmon, Assistant Federal Defender, and MICHAEL CHRISTOPHER MOORE, by and through his counsel, Dan Frank Koukol, that the status conference hearing date of Friday, April 22, 2011, be vacated and a new status conference hearing date of **Friday, July 8, 2011, at 9:00 a.m.,** be set.

The reason for this continuance is because additional time is needed for defense preparation and meetings between the parties with the goal being to resolve the case by way of a disposition. In addition, co-counsel will not be available on April 22, 2011, as Ms. Bajwa is presently on maternity leave for several more weeks, and Mr. Koukol is out of state on vacation. Defense counsel also requests the continuance to allow more time to review the voluminous discovery that has been produced. The parties note that this case is a

1  further investigation and prosecution stemming from the previous case of <u>United States v. Daren Glosser, et
2  al.</u>, NO. CR. S-05-309 GEB, which this Court previously found to be complex and unusual within the meaning
3  of the Speedy Trial Act based, in part, on the number of search warrants executed, the time span covered by
4  the alleged conspriracy, and multiple counties where the alleged criminal acts occurred.

5  Based upon the foregoing, the parties stipulate that the time period from the parties stipulation, April
6  21, 2011, through and including July 8, 2011, be excluded under the Speedy Trial Act 18 U.S.C.
7  §3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 [unusual and complex case] and T4 [reasonable time
8  for defense counsel to prepare and continuity of defense counsel].

Dated: April 21, 2011

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

 */s/ Matthew C. Bockmon*
MATTHEW C. BOCKMON
Assistant Federal Defender
Attorney for Defendant
TIMOTHY THOMAS SEAVER

Dated: April 21, 2011     */s/ Matthew C. Bockmon for*

PREETI KAUR BAJWA
Attorney for Defendant
GARY JASON GRANT

Dated: April 21, 2011     */s/ Matthew C. Bockmon for*
DAN FRANK KOUKOL
Attorney for Defendant
MICHAEL CHRISTOPHER MOORE

Dated: April 21, 2011     BENJAMIN B. WAGNER
United States Attorney

By:    */s/ Matthew C. Bockmon for*
SAMUEL WONG
Assistant U.S. Attorney
Attorney for Plaintiff

Stipulation/Order                                    2

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161 and that the case is unusual and complex within the meaning of the Speedy Trial Act. The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public. The Court also finds the requested continuance is necessary to provide defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and defense counsel's unavailability. It is ordered that the time from the date of the stipulation April 21, 2011, to and including July 8, 2011, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv) and Local Codes T2 (unusual and complex case) and T4 (defense preparation and continuity of defense counsel).

It is further ordered that the April 22, 2011, status conference shall be continued until July 8, 2011, at 9:00 a.m.

It is so ordered.

Dated: April 25, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge